# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| TESSA R.R.G.C. CHILDRESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:21-cv-02843-DCN-MGB |
| ) | |
| CITY OF NORTH CHARLESTON, ) | **ORDER** |
| CHARLESTON COUNTY SHERIFF'S, ) | |
| OFFICE, P.O. JOHN O'CONNELL, P.O. ) | |
| S. FORTIER, P.O. SGT. WILSON, P.O. ) | |
| CARWILE, and DEPUTY HARGER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on two report and recommendations ("R&R") issued by Magistrate Judge Mary Gordon Baker. In the first R&R, ECF No. 31, the Magistrate Judge recommended that the court deny plaintiff Tessa R.R.G.C. Childress's ("Childress") motion for preliminary injunction, ECF No. 11. In the second R&R, ECF No. 50, the Magistrate Judge recommended that the court grant in part and deny in part defendants Charleston County Sheriff's Office ("CCSO") and Deputy Harger's[1] ("Harger") (together, the "Sheriff Defendants") motion to dismiss, ECF No. 6, and grant in part and deny in part defendants City of Charleston (the "City"), police officer John O'Connell ("O'Connell"), police officer S. Fortier ("Fortier"), police officer Sgt. Wilson ("Wilson"), and police officer Carwile's ("Carwile") (collectively, the "Police Defendants") motion to dismiss, ECF No. 7. For the reasons set forth below, the court

---

[1] The complaint names the individual defendants based on their respective positions and does not provide their full names. Both defendants and the Magistrate Judge continue to refer to those defendants in that way, and the court will therefore do the same.

1

adopts the R&R in full and denies the motion for preliminary injunction and grants in part and denies in part both motions to dismiss.

## I.  BACKGROUND

The R&R ably recites the facts of the case, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.

This case arises out of Childress's arrest for alleged misuse of 9-1-1. Childress resided, at all relevant times, in a private, maritime-accessible neighborhood in North Charleston, South Carolina. For several days prior to July 11, 2019, Childress claimed to have witnessed several people in her neighborhood who were violating the South Carolina Underground Facility Damage Prevention Act (the "UFDPA"). Childress took photos of the alleged violations and emailed them to CCSO and the City of North Charleston Police Department. According to Childress, an officer at CCSO responded that Childress should call 9-1-1. Despite this alleged instruction, Childress claims that she first called "the non-emergency telephone number, on July 11, 2019," to report violations of the UFDPA. ECF No. 1-1, Compl. ¶ 15.

Childress alleges that on the same day, July 11, 2019, a North Charleston police officer—O'Connell—entered Childress's residence. O'Connell allegedly yelled at and verbally threatened Childress, including stating that if Childress called 9-1-1 again, he would return with his supervisor and "go a different route." Id. ¶ 14. O'Connell's alleged actions "prompted [Childress] to immediately dial the emergency 911 telephone number" to report that O'Connell had threatened her. Id. ¶ 18. Thereafter, O'Connell

arrived back at Childress's residence with two of the Police Defendants. According to Childress, the officers "brutal[ly] assault[ed]" her by handcuffing her and shoving her left shoulder, which exacerbated several of Childress's prior injuries. Id. ¶ 27. The officers then led her outside to where O'Connell was waiting. O'Connell allegedly grabbed Childress and "drag[ged her] across [her] front yard" before forcing her into the police vehicle parked in the employee parking lot of the North Charleston Public Library. Id. ¶ 28.1. Childress alleges that O'Connell did not inform Childress of her Miranda rights prior to forcing her into the police vehicle. Id. ¶ 28.2. Childress further alleges that while she was in the police vehicle parked at the public library, a Charleston County deputy sheriff, later identified as Harger, arrived and affixed metal ankle cuffs onto Childress. Childress was subsequently taken to CCSO's Al Cannon Detention Center.

On July 9, 2021, Childress filed a complaint in the Charleston County Court of Common Pleas against the Police Defendants and Sheriff Defendants (together, "defendants").[2] Compl. On September 2, 2021,[3] defendants removed the action to this court. ECF No. 1. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rules 73.02(B)(2)(g) (D.S.C.), all pretrial proceedings in this case were referred to Magistrate Judge Baker.

---

[2] As construed by the Magistrate Judge, the complaint alleges (1) violations of Childress's Fourth, Fifth, Sixth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, (2) kidnapping in violation of 18 U.S.C. § 1201, (3) conspiracy against rights under 18 U.S.C. § 241, and (4) state law claims for kidnapping, conspiracy, false imprisonment, and assault and battery. ECF No. 50, R&R at 4.

[3] Childress objects to September 2, 2021 as the date of removal, arguing that defendants removed the case on September 7, 2021. ECF No. 40 at 2. The court finds that Childress is mistaken, as both the document and the electronic filing system show that the notice of removal is dated September 2, 2021. ECF No. 1. In any event, the removal date is inconsequential to the court's review.

On September 9, 2021, the Sheriff Defendants filed their motion to dismiss. ECF No. 6. On the same day, September 9, 2021, the Police Defendants filed their motion to dismiss. ECF No. 7. Childress responded to both motions in three parts, on October 4, 8, and 12, 2021. ECF Nos. 18, 20–21. Childress, with leave of the Magistrate Judge, then filed a fourth response to the motion on November 12, 2021. ECF No. 43. On December 6, 2021, Magistrate Judge Baker issued the R&R, recommending that the court grant in part and deny in part both motions to dismiss. ECF No. 50 (hereinafter, the "MTD R&R"). On April 11, 2022, Childress filed her objections to the MTD R&R. ECF No. 71. Defendants did not file objections and did not respond to Childress's objections, and the time to do both has now elapsed.

On September 10, 2021, Childress filed a motion for preliminary injunction. ECF No. 11. Defendants responded to the motion on September 24, 2021, ECF No. 14, and Childress replied on October 18, 2021, ECF No. 28. On October 26, 2021, Magistrate Judge Baker issued the R&R,[4] recommending that the court deny the motion for preliminary injunction. ECF No. 31 (hereinafter, the "Prelim. Inj. R&R"). On November 4, 2021, Childress filed her objections to the Prelim. Inj. R&R. ECF No. 40. On November 9, 2021, defendants responded to Childress's objections. ECF No. 41.

---

[4] Childress argues that the Magistrate Judge was not permitted to decide Childress's motion for preliminary injunction pursuant to 28 U.S.C. § 636(b)(1)(A). Childress misinterprets the statute. By issuing the R&R, the Magistrate Judge did not "decide" the motion. Section 636(b)(1)(B) explicitly states that a magistrate judge may conduct an evidentiary hearing and submit "proposed findings of fact and recommendations for the disposition . . . of any motion excepted in subparagraph (A)." That is precisely what the Magistrate Judge has done. The Magistrate Judge issued an R&R on defendants' motions to dismiss for the same reason.

Childress did not file a reply, and the time to do so has now elapsed. As such, all matters above are now ripe for the court's review.

## II. STANDARD

### A. Standard of Review

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

### B. Preliminary Injunction Standard

Federal Rule of Civil Procedure 65 authorizes federal courts to issue temporary restraining orders and preliminary injunctions. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." United States v. South Carolina, 840 F. Supp. 2d 898, 914 (D.S.C. 2011) (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)). A party seeking a preliminary injunction must demonstrate that: (1) it is likely to succeed on the merits, (2) it is likely to

suffer irreparable harm, (3) the balance of hardships tips in its favor, and (4) the injunction is in the public interest. Metro. Reg'l Info. Sys. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "To obtain a preliminary injunction under the Winter test, a movant must make a 'clear showing' of [the] four requirements." Alkebulanyahh v. Nettles, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011); see also Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) ("Winter thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.") (internal quotation marks omitted). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

### C. Motion to Dismiss Standard

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 558 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations

as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### D. Pro Se Litigants

Plaintiff is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

The court first addresses Childress's motion for preliminary injunction. Finding that the motion should be denied, the court then proceeds to analyze defendants' motions to dismiss.

### A. Motion for Preliminary Injunction

Childress filed her motion for preliminary injunction to prohibit "defendants from [using] excessive force," "from using policy brutality on [Childress]," and "from misconduct in their official duties." ECF No. 11 at 1. Childress further sought to prohibit "further violations of South Carolina's public corruption statutes" by disallowing the law firm of State Senator Sandra Senn from representing defendants. Finally, Childress moved for "joinder" of an undue harassment claim under S.C. Code Ann. § 16-3-1700 and for a restraining order under S.C. Code § 16-3-1750.

To begin, the Magistrate Judge determined that the court is unable to order the final two forms of relief that Childress seeks. As the Magistrate Judge explained, §§ 16-3-1700 and 1750 are state criminal statutes that penalize harassment and stalking, respectively. Since Childress does not have standing to order the government conduct criminal investigations via a civil case, the Magistrate Judge recommended denying Childress's requests for "joinder" and a restraining order under those statutes. Childress does not object to the Magistrate Judge's recommendations with respect to those issues, and as such, the court need only review the Magistrate Judge's finding for clear error. Finding none, the court denies Childress's motion as to those requests.

The Magistrate Judge considered the remainder of Childress's motion for preliminary injunction as one brought under two primary grounds: (1) that counsel for defendants is committing ongoing violations of South Carolina's public corruption statutes, and (2) that defendants are using excessive force and police brutality on Childress. Childress's objections exclusively relate to the first ground, and Childress does not present any objections to the Magistrate Judge's conclusion that Childress failed

8

to show that she is likely to succeed on the merits of her excessive force claim. In the absence of an objection, the court finds that the Magistrate Judge's application of the Winter test to Childress's excessive force claim is not clearly erroneous.

As such, the court focuses on Childress's request for preliminary relief as it relates to defendants' alleged violations of the public corruption statutes. Childress appears to be making two arguments related to the public corruption statutes. First, in both her complaint and motion, Childress claims that defendants retained the law firm Senn Legal, LLC, which is "owned and operated by South Carolina State Senator Sandra Senn," in violation of S.C. Code § 8-13-740(A)(1). ECF No. 28 at 8. That section provides:

> (A)(1) A public official occupying statewide office, a member of h[er] immediate family, an individual with whom [s]he is associated, or a business with which [s]he is associated may not knowingly represent another person before a governmental entity, except as otherwise required by law.

S.C. Code § 8-13-740(A)(1). The Magistrate Judge assumed, for Childress's benefit, that Senator Senn represented defendants by proxy, even though they are represented by a different attorney at Senator Senn's firm. Even so, the Magistrate Judge found that the statute does not apply to representation in federal court, based on the definition of "governmental entity" found in both the statute and under South Carolina caselaw. Prelim. Inj. R&R at 7–8. Childress objects to this recommendation, arguing that this case was removed from state court to federal court. The court fails to see the legal import in Childress's argument. The fact that the case was originally filed by Childress in state court does nothing to alter the Magistrate Judge's conclusion that § 8-13-740(A)(1) does

not bar a public official from representing another person in federal court, where this case is now.

Childress otherwise fails to object to the Magistrate Judge's conclusion regarding the applicability of the public corruption statute to federal court proceedings, which is the main underpinning of the Magistrate Judge's recommendation. Instead, Childress focuses on several background statements in the R&R, none of which were the impetus for the Magistrate Judge's recommendation. For example, Childress points to the R&R's statement that "[a]ccording to Plaintiff, by practicing law, Senn is violating S.C. Code Ann. § 8-13-740." ECF No 40 at 4 (quoting Prelim. Inj. R&R at 7). Childress argues that she never claimed Senn could not practice law; only that she could not represent defendants in this matter. But even if the court disregarded the statement in the R&R that Childress complains of, the court would similarly conclude that Childress has not shown a likelihood of success on the merits. Accordingly, the court overrules Childress's objection as it relates to defense counsel's ability to represent defendants in this tribunal.

Second, Childress argued for the first time in her reply brief that defendants have wrongfully retained attorneys who have "been reported to appropriate government agencies for violating . . . public corruption statutes." ECF No. 28 at 5. Childress refers to her own complaints filed in relation to two other cases that have been before this court, <u>Childress v. City of Charleston Police Department</u>, No. 2:13-cv-01225-DCN (D.S.C. 2013), and <u>Childress v. City of North Charleston</u>, No. 2:17-cv-00985-DCN (D.S.C. 2017). Childress claimed that in those cases, this court "emailed Senator Sandra Senn, Esq. directly about court matters." ECF No. 40 at 3. It is unclear from Childress's brief whether this purported action served as the source of her complaints. Regardless,

Childress cites no statute that bars defendants from retaining a firm with outstanding complaints filed against them, and in any event, the Magistrate Judge independently considered Childress's extensive complaints filed before the South Carolina Ethics Commission. As the Magistrate Judge explained, the statutes cited by Childress in her complaints "are either inapplicable or do not prohibit the conduct at issue." Prelim. Inj. R&R at 8 n.5. For that same reason, the court overrules Childress's objection claiming that the Magistrate Judge failed to provide "remarks" on the other statutes that defendants allegedly violated. ECF No. 40 at 5. In sum, Childress fails to directly challenge the legal sufficiency of the Magistrate Judge's recommendation. The court thus overrules Childress's objections, finds that Childress has failed to show that she is likely to succeed on the merits of her public corruption claim and that she will suffer irreparable harm, and denies Childress's motion.

### B. Motions to Dismiss

Next, the court turns to the R&R on defendants' motions to dismiss. The Magistrate Judge recognized that the Sheriff Defendants and the Police Defendants brought separate motions to dismiss but observed that there were many overlapping arguments between the two motions. As such, the Magistrate Judge identified six total arguments between them and resolved the claims at issue accordingly. The court finds it appropriate to do the same and proceeds to address Childress's objections under each argument in turn.

#### 1. Sheriff Defendants' Sovereign Immunity

The Sheriff Defendants moved to dismiss the claims against CCSO and Harger, in his official capacity, based on sovereign immunity. The Magistrate Judge determined

11

that under the Eleventh Amendment, sheriff's departments are considered arms of the state and sheriffs are considered state officials. As such, the Magistrate Judge recommended that the court dismiss all § 1983 claims against CCSO and Harger in his official capacity.[5]

In response, Childress argues that the Magistrate Judge erred in dismissing her § 1983 claims because Childress originally filed this action in state court. Childress fails to explain how removal overcomes the hurdle of sovereign immunity. "In this circuit, a state's removal of a suit to federal court waives sovereign immunity only if the state has consented to suit in its own courts." Biggs v. N.C. Dep't of Public Safety, 953 F.3d 236, 241 (4th Cir. 2020) (citing Stewart v. North Carolina, 393 F.3d 484, 487 (4th Cir. 2005)). The Magistrate Judge applied that rule to this case. See MTD R&R at 8 ("[B]y voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court.") (citation omitted). Indeed, the Magistrate Judge determined that Childress's state tort claims could proceed against defendants because "[t]hrough enactment of the SCTCA, South Carolina has generally consented to suit for tort claims filed against it in state court." Id. (citing Briggs v. S.C. Dep't of Corr., 2014 WL 1278173, at *21 (D.S.C. Mar. 27, 2014)).

---

[5] Childress objects to the omission of any discussion about "the ongoing violations of public corruption statutes" in the MTD R&R. ECF No. 71. The Magistrate Judge did not err in omitting the issue. Childress did not directly allege a cause of action for violation of the public corruption statutes in her complaint, and in any event, the Magistrate Judge thoroughly explained why such a claim lacks merit in the Prelim. Inj. R&R. To the extent the complaint does allege such a claim, the court adopts the reasoning within the Prelim. Inj. R&R and dismisses the claim.

Childress's argument fails with respect to her § 1983 claims because there is no similar statute or authority whereby South Carolina has consented to suits brought under § 1983.  C.f. Biggs, 953 F.3d at 241–42 (finding that none of the purported waivers of sovereign immunity applied to the plaintiff's § 1983 action).  Childress fails to object to the Magistrate Judge's principal finding—that CCSO and Harger are covered under Eleventh Amendment sovereign immunity—and the court finds no clear error in that determination.  See also Doe 202a v. Cannon, 2018 WL 317818, at *4 (D.S.C. Jan. 8, 2018) (holding that the sheriff of the Charleston County Sheriff's Office was immune from suit based on an application of the state-actor test).  Finally, Childress argues that the Magistrate Judge omitted discussion of her claim under the Fourteenth Amendment in the discussion of § 1983, but such an omission is immaterial because the state is immune from § 1983 suits, regardless of what amendments are implicated.  As such, the court dismisses Childress's § 1983 claims against CCSO and Harger.

### 2. Harger's Personal Involvement

Next, the Magistrate Judge considered the Sheriff Defendants' argument that any § 1983 claims brought against Harger in his individual capacity should also be dismissed, due to Childress's failure to allege any personal involvement by Harger.  After thoroughly reviewing the facts alleged in the complaint, the Magistrate Judge determined that Childress had "sufficiently alleged Deputy Harger's personal involvement in the deprivation of her constitutional rights."  MTD R&R at 10–11.  Defendants did not file objections or otherwise object to this recommendation and as such, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond, 416 F.3d at 315 (internal quotations and citation omitted).

The court finds no clear error in the Magistrate Judge's recommendation and thus denies the Sheriff Defendants' motion to dismiss as it relates to Childress's § 1983 claims against Harger in his individual capacity, subject to the limitations discussed below.[6]

### 3. Miranda Violations

In their motions to dismiss, both the Sheriff Defendants and the Police Defendants argued that Childress's allegations of a Miranda violation under the Fifth and Sixth Amendment cannot constitute a cognizable claim under § 1983. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. To protect this right against self-incrimination, the United States Supreme Court has adopted procedural safeguards for criminal suspects. See Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). The Magistrate Judge determined that the Supreme Court in Chavez v. Martinez, 538 U.S. 760, 772 (2003), and courts applying that case, have specified that while Miranda may bar the use of certain statements made to law enforcement in a criminal trial, violations of Miranda procedures "do not form the basis of a § 1983 claim for damages." MTD R&R at 11 (quoting Erwin v. Rodriguez, 2017 WL 4052167, at *2 (W.D.N.C. Sept. 13, 2017)). Stated another way, "failing to follow Miranda procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999). Childress does not object to this recommendation, and

---

[6] Specifically, the court finds below that defendants' alleged violations of the Fifth and Sixth Amendment cannot constitute a cognizable § 1983 claim. The court adopts the Magistrate Judge's recommendation and finds that Childress's § 1983 claims for excessive force and unlawful search and seizure remain pending. MTD R&R at 16.

14

in any event, the court finds that the caselaw demonstrably supports the R&R. Therefore, the court dismisses Childress's § 1983 claims alleging a failure to provide Miranda warnings in violation of the Fifth and Sixth Amendments.

### 4. Alleged Violations of Criminal Statues

Childress's second cause of action alleges kidnapping under 18 U.S.C. § 1201, and her third cause of action alleges "[c]onspiracy against rights" under 18 U.S.C. § 241. Compl. at 16. In both motions to dismiss, defendants argued that the second and third causes of action should be dismissed because they are premised on alleged violations of criminal statutes, and the criminal statutes do not provide for a private right of action. The Magistrate Judge agreed, finding it "well settled that these criminal statutes do not provide for a private right of action." MTD R&R at 13 (first citing Hernandez v. Graham, 2018 WL 6737400, at *2 (E.D.N.C. Nov. 15, 2018); and then citing Diaz Aviation Corp. v. Airport Aviation Servs., Inc., 762 F. Supp. 2d 388, 393 (D.P.R. 2011)); see also Harnden v. Croswell-Lexington Cmty. Schs., 2016 WL 2731188, at *2 (E.D. Mich. May 11, 2016) ("[T]here is no private right of action for purported violations of the Federal Kidnapping Act."); Hester v. West Virginia, 2008 WL 4298471 (S.D. W.Va. Sept. 18, 2008) ("[N]o private right of action can be inferred from 18 U.S.C. §§ 241, 242 . . . ."). Childress does not offer any specific objections to the recommendation to dismiss her claims under §§ 1201 and 201 claim, and based on the caselaw, the court finds that the Magistrate Judge did not err in formulating that recommendation. The court therefore dismisses counts two and three of the complaint.

### 5. State Law Claims

The claims in the complaint are slightly ambiguous as to the violations alleged, and the Magistrate Judge ultimately construed the complaint as alleging state law claims for kidnapping, conspiracy, false imprisonment, and assault and battery. Childress does not argue that the Magistrate Judge's interpretation was incorrect, and the court considers the same state law claims to be at issue. In their motions to dismiss, defendants argued that to the extent Childress brings any valid state law claims, the individual defendants are not proper parties based on the South Carolina Tort Claims Act ("SCTCA").

In support of their argument, defendants relied on S.C. Code § 15-75-70(c) of the SCTCA. That provision provides that

> a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting . . . . In the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party defendant.

Defendants argued that based on the provision, the City and CCSO are the only proper defendants, and the court should dismiss any state law claims against the individual defendants.

According to the Magistrate Judge, however, defendants failed to acknowledge that an employee of a government entity may still be "personally liable for an intentional tort when the employee's conduct falls within the exceptions listed in § 15-78-70(b)." MTD R&R at 15. That provision states:

> Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

16

Since defendants failed to address the applicability of the provision, the Magistrate Judge declined to recommend finding that the SCTCA barred all tort claims against the individual defendants. Defendants do not object to the Magistrate Judge's recommendation, and the court finds no clear error in the same. Accepting all the allegations in the complaint as true and viewing them in the light most favorable to Childress, the court agrees that it would be premature to conclude Childress's claims could not fall within the scope of § 15-78-70(b). Accordingly, the court declines to dismiss the state law claims against Harger, O'Connell, Fortier, Wilson, and Carwile.

### 6. Punitive Damages

Finally, the Magistrate Judge addressed defendants' argument that under South Carolina law, Childress could not recover punitive damages from CCSO, the City, and Harger in his official capacity. The Magistrate Judge found that defendants were only partially correct. The SCTCA bars recovery for punitive damages, and accordingly, the Magistrate Judge recommended finding that Childress may not recover punitive damages from CCSO and the City based on her state law claims. MTD R&R at 15 (citing S.C. Code § 15-78-120(b)). However, based on the R&R's prior recommendation regarding the individual defendants' potential liability for intentional torts—which the court adopts—the Magistrate Judge recommended finding no basis for determining that punitive damages could not be recoverable for all other claims. In the absence of any objection, the court finds no clear error in the Magistrate Judge's analysis. Accordingly, the court dismisses Childress's claims for punitive damages against CCSO and the City based on Childress's state law claims. The court finds no basis for dismissing punitive damages in all other respects.

In sum, the court reaches the same decision as the Magistrate Judge regarding the claims that remain pending. Namely, as it relates to the Sheriff Defendants, Childress's § 1983 claims for excessive force and unlawful search and seizure against CCSO and Harger, in his individual capacity, remain pending. Additionally, Childress's state law claims for kidnapping, conspiracy, false imprisonment, and assault and battery against CCSO and Harger remain pending. As it relates to the Police Defendants, Childress's § 1983 claims for excessive force and unlawful search and seizure against the City and O'Connell, Fortier, Wilson, and Carwile, in their official and individual capacities, remain pending. Additionally, Childress's state law claims for kidnapping, conspiracy, false imprisonment, and assault and battery against the City, O'Connell, Fortier, Wilson, and Carwile remain pending.

## IV.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** the R&R in full, **DENIES** the motion for preliminary injunction, **GRANTS IN PART** and **DENIES IN PART** the Sheriff Defendants' motion to dismiss, and **GRANTS IN PART** and **DENIES IN PART** the Police Defendants' motion to dismiss.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 22, 2022**
**Charleston, South Carolina**